

**FILED**

DEC 17 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

'07 MJ 8990

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

Exiquio CACHU-Agundez

                Defendant.

Magistrate Case No.:

COMPLAINT FOR VIOLATION OF

21 U.S.C. § 952 and 960
Importation of a Controlled Substance
(Felony)

The undersigned complainant being duly sworn states:

On or about 14, December 2007, within the Southern District of California, defendant Exiquio CACHU-Agundez did knowingly and intentionally import approximately 19.04 kilograms (41.89 pounds) of cocaine, a schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

Special Agent
U.S. Immigration & Customs
Enforcement

SWORN TO, BEFORE ME, AND SUBSCRIBED IN MY PRESENCE THIS 17th DAY OF DECEMBER, 2007.

Peter C. Lewis
U.S. Magistrate Judge

UNITED STATES OF AMERICA

v.

Exiquio CACHU-Agundez

## STATEMENT OF PROBABLE CAUSE

I, Chad N. Worgen, declare under penalty of perjury that the following statement of probable cause is true to the best of my knowledge.

On December 14, 2007, at approximately 0930 hours, the Customs and Border Protection (CBP) Anti-Terrorist Contraband Enforcement Team (AT-CET) along with Canine Enforcement Officer (CEO) A. Garcia, were conducting pre-primary roving operations on lane # 9 at the Calexico, California West Port of Entry. CEO Garcia received a positive alert by his Narcotics Human Detector Dog (NHDD) to the rear trunk area of a 2004 Chevrolet Malibu with California license plate number 5GKZ350.

CEO Garcia informed CBP/ATCET Officer J. Ayala that his dog had alerted to the vehicle. CBP Officer Ayala approached the driver and sole occupant of the vehicle, who was identified as Exiquio CACHU-Agundez. CBP Officer Ayala received a negative oral Customs declaration from CACHU. CBP Officer Ayala referred CACHU and the vehicle to CBP Officer J. Pina who was performing primary inspectional duties on lane # 9.

CBP Officer Pina received a negative oral Customs declaration from CACHU. CACHU presented an I-551 Resident Alien Card, identifying himself as a Mexican citizen. CBP Officer Pina referred CACHU and the vehicle to the secondary lot for a more intensive inspection.

In vehicle secondary, CEO Garcia again screened the vehicle with his NHDD and received a positive alert to the trunk area. CBP Officer A. Leyva and CBP Officer Ayala began an intensive inspection of the trunk area of the vehicle, and discovered a non-factory compartment built within the rear trunk/wheel well. An access panel was discovered and removed. Sixteen packages (16), wrapped in black electrical tape, were discovered within the compartment. One (1) package was probed, and a white powdery substance was extracted from the package that field tested positive for cocaine. The total weight of the packages of cocaine was 19.04 kilograms (41.89 pounds).

CACHU was placed under arrest for violation of 21 United States Code 952 and 960, Importation of a Controlled Substance. Special Agent (SA) Chad N. Worgen advised CACHU of his constitutional rights pursuant Miranda, in which he acknowledged and waived.

CACHU stated that he had knowledge cocaine was to be concealed within the vehicle. CACHU stated he knew it is illegal to import cocaine into the United States. CACHU stated he was the registered owner of the vehicle, and he was provided money by the organization to purchase the vehicle. CACHU stated he smuggled controlled substances into the United States on several previous occasions. CACHU stated he was going to drive the vehicle to an unknown location in Los Angeles, California where the cocaine was to be unloaded from the vehicle. CACHU stated he was to be paid $2,000.00 to drop the truck off at the location in Los Angeles, California.

CACHU was processed, transported, and booked into the Imperial County Jail.

Executed on 12/14/2007 at 2100 hours.

*Chad N. Worgen S/A*

Chad N. Worgen, Special Agent

U.S. Immigration and Customs Enforcement


On the basis of the facts presented in the probable cause statement consisting of four (4) pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on 14, December 2007, in violation of Title 21 United States Code, Section(s) 952 & 960

Date 12/15/07

United States Magistrate Judge    1208hrs